**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

Allen P.                                          )
                                                  )
                    Plaintiff,                    )
                                                  )      Case No.: 25-cv-50289
          v.                                      )
                                                  )      Magistrate Judge Margaret J. Schneider
Frank Bisignano,                                  )
Commissioner of Social Security,                  )
                                                  )
                    Defendant.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allen P., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## BACKGROUND

### A.      Procedural History

On August 23, 2022, Allen P. ("Plaintiff") protectively filed an application for child's insurance benefits based on disability as well as a Title XVI application for supplemental security income. R. 15. In both applications, Plaintiff alleged a disability beginning May 31, 2018. *Id.* The Social Security Administration denied his applications initially on May 2, 2023, and upon reconsideration on November 1, 2023. *Id.* Plaintiff filed a written request for a hearing and on May 7, 2024, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lee Lewin where Plaintiff appeared, testified, and was represented by counsel. *Id.* Kimberly Eisenhuth, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

### B.  The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2018, the alleged onset date. R. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: seizure disorder; degenerative disc disease of the lumbar spine; migraines; attention deficit hyperactivity disorder ("ADHD"); generalized anxiety disorder; and schizoaffective disorder, bipolar type. *Id.* The ALJ found that these impairments caused more than a minimal impact on Plaintiff's work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically

equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpt. P, App. 1. *Id.*

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work, except can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can frequently stoop, crouch, and crawl; must avoid concentrated exposure to hazards including dangerous moving machinery and unprotected heights; must avoid loud work noise environments and bright, pulsating lights; can understand, remember, and carry out simple instructions with sufficient persistence, concentration, or pace to timely and appropriately complete job duties; he can have no fast paced production rate or strict hourly quota requirements but can meet end of day requirements; he can have occasional contact with the general public with no problem solving tasks; can have occasional contact with supervisors and coworkers with no group, tandem, or team work; and he can adapt to routine workplace changes. R. 21-22.

At step four, the ALJ found that transferability of job skills was not an issue because Plaintiff did not have past relevant work experience. R. 27. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including marker, routing clerk, and mail clerk. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time since May 31, 2018, the alleged onset date. R. 28.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). " Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (citation modified) (quoting *Biestek*, 587 U.S. at 103). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding

questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

**DISCUSSION**

Plaintiff argues that remand is required because the ALJ erred by relying on limited portions of the record to find that the paragraph B criteria for listings 12.03,[1] 12.06, and 12.11[2] were not met. For the reasons set forth below, the Court affirms the Commissioner's decision.

A claimant is considered presumptively disabled and eligible for benefits if he has an impairment that meets or equals an impairment found in the listing of impairments. 20 C.F.R. § 404.1520(d). Listings 12.03 (schizophrenia spectrum), 12.06 (anxiety and obsessive-compulsive disorders), and 12.11 (neurodevelopmental disorders) specify three sets of criteria for impairments—paragraph A criteria, paragraph B criteria, and paragraph C criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.03, 12.06, 12.11. To demonstrate presumptive disability, a claimant must satisfy the paragraph A criteria in addition to satisfying either the paragraph B or C criteria as set forth in each listing. For all three listings, a claimant satisfies the paragraph B criteria if he has at least one extreme limitation or two marked limitations in the four broad categories of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. *See id.* "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). An ALJ's reasoning why a claimant "is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a . . . court to determine the basis for the finding about medical equivalence at step 3." SSR 17-2p, 2017 WL 3928306, at *4.

At step two of the sequential analysis, the ALJ found that Plaintiff's severe impairments included ADHD, generalized anxiety disorder, and schizoaffective disorder (bipolar type). R. 18. However, at step three, the ALJ found that Plaintiff's impairments singly and in combination did not meet or equal listings 12.03, 12.06, and 12.11. R. 19. The ALJ did not discuss the paragraph A criteria for each listing, nor did the parties raise this as an issue. Thus, the Court presumes that Plaintiff satisfied the paragraph A criteria. Plaintiff, however, faults the ALJ's paragraph B analysis for relying on normal mental status examinations and for painting his mental health as improving. The Commissioner responds that the ALJ properly considered both favorable and

---

[1] Plaintiff's briefs appear to contain a scrivener's error by referring to listing 12.02 instead of 12.03. The Court construes Plaintiff's argument as challenging listing 12.03.

[2] Plaintiff also challenges the ALJ's determination that his seizure disorder did not meet or equal listing 11.02. However, Plaintiff does not make any argument in support of this position. The argument is undeveloped and therefore waived. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)); *see Olivas v. Saul*, 799 F. App'x 389, 392 (7th Cir. 2019).

unfavorable evidence and that Plaintiff's argument amounts to a request to reweigh the evidence. The Court agrees.

The ALJ provided "more than a perfunctory analysis" of the paragraph B criteria for the listings. *Barnett*, 381 F.3d at 668 (citation omitted). For example, in finding that Plaintiff had only a mild limitation in understanding, remembering, or applying information, the ALJ discussed normal mental status examinations that found Plaintiff with normal memory, intact comprehension, and normal fund of knowledge. R. 20. The ALJ also noted that Plaintiff previously stated he did not need reminders to take care of his personal needs. *Id.* In finding that Plaintiff had a moderate limitation in interacting with others, the ALJ acknowledged that Plaintiff indicated he had difficulties getting along with others and that he gets easily irritated. *Id.* However, the ALJ contrasted these claims with normal mental status examinations where Plaintiff was found to be pleasant, cooperative, engaged, and with good eye contact. *Id.* Additionally, to support her finding that Plaintiff had a moderate limitation in concentration, persistence, and pace, the ALJ cited mental status examinations where Plaintiff presented as alert with normal attention. *Id.* Finally, the ALJ supported her determination that Plaintiff only had a mild limitation in adapting or managing himself by citing mental status examinations that found Plaintiff with a normal mood, affect, behavior, thought process, as well as intact insight, judgment, and good impulse control. *Id.*

Beyond step three, the ALJ's RFC analysis further assures the Court that her analysis was more than perfunctory. *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) ("We do not discount [a review of the evidence] simply because it appears elsewhere in the decision."). For example, in her RFC analysis, the ALJ discussed mental status examinations in which Plaintiff presented as "anxious, with a flat affect, with limited insight, with limited judgment, with persecutory delusions, with paranoia, as angry, with poor impulse control, with hallucinations, and with suicidal ideations." R. 23. The ALJ additionally pointed to a hospitalization for suicidal ideations. *Id.* However, the ALJ balanced this with evidence of consistent normal mental status examinations and lack of treatment for a period of two years. R. 25. Further, the ALJ adopted the opinions of state agency consultants, Dr. Tin and Dr. Mehr, finding their psychological assessments persuasive because they were based on a thorough review of the medical record and accounted for Plaintiff's daily living activities as well as mental status examinations. R. 26. In summary, the ALJ appropriately considered both the evidence that supported and conflicted with Plaintiff's allegations. The Court finds no basis to conclude that the ALJ failed to address the evidence that supported Plaintiff's claim. While Plaintiff may contend that the evidence supported a different finding, this Court does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the [ALJ]." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation modified). It is up to the ALJ to weigh conflicting evidence and provide a more than perfunctory analysis supporting her conclusion as to the listings. This is precisely what the ALJ did here.

**CONCLUSION**

For the foregoing reasons, the Court affirms the Commissioner's decision.

Date: April 24, 2026                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge

5